Filed 5/2/25  P. v. Cabrera CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063762 |
| v. | (Super. Ct. No. 96WF2465) |
| SALVADOR RAMIRES CABRERA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General,

Christopher P. Beesley and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

*     *     *

THE COURT:*

Defendant Salvador Ramires Cabrera also known as Ernesto Enriquez Soto[1] appeals the denial of his petition to recall his sentence and resentence him pursuant to Penal Code section 1172.75.[2] We reverse and remand for resentencing.

PROCEDURAL HISTORY

In 1998, a jury convicted defendant of two counts of attempted murder of a peace officer (§§ 187, subd. (a), 664, subds. (a), (e)(1)), two counts of assault with a semi-automatic firearm on a peace officer (§ 245, subd. (d)(2)), evading an officer with willful disregard (Veh. Code, § 2800.2), possession of a firearm by a felon (former § 12021, subd. (a) [reenacted without substantive change as § 29800]), and transportation of a controlled substance (Health & Saf. Code, § 11379).

Among other enhancements, defendant admitted and the court found true allegations that defendant served two prior prison terms. (§ 667.5, subd. (b).)

---

* Before Sanchez, Acting P. J., Gooding, J., and Scott, J.

[1] Defendant's name is listed different ways throughout the record. While the petition for recall and resentencing and the order on the petition lists defendant's name as "Ernesto Soto," the felony complaint, information, jury instructions and abstract of judgment use "Salvador Ramires Cabrera." We use the latter name in this opinion.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

2

The court sentenced defendant to two life terms plus a determinate term in state prison.[3] Of particular relevance here, the court imposed one year on each section 667.5, subdivision (b) prior, but then struck the one-year punishment for each enhancement.

The Department of Corrections and Rehabilitation identified defendant as a person serving a term for a judgment that includes a prior prison term enhancement. (§ 1172.75, subd. (b).) Defendant filed a petition for recall and resentencing. The court denied the petition, relying on the reasoning in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*).

## DISCUSSION

"Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Id*., subd. (c).)

The sentencing court found to be true two prior prison term enhancement allegations. (§ 667.5, subd. (b).) The question before us is whether section 1172.75 entitles defendant to a resentencing hearing even though his prior prison terms were stricken for the purposes of sentencing.

---

[3] The briefs disagree in characterizing this sentence. Defendant's opening brief asserts the sentence is 50 years to life, plus 31 years 4 months. Respondent's brief represents the sentence as two terms of life plus 33 years 4 months. On remand, the trial court should clarify the precise sentence when resentencing defendant and include the sentence in the amended abstract of judgment.

We agree with defendant that he is entitled to such relief and disagree with the trial court's reliance on *Rhodius*, *supra*, 97 Cal.App.5th 38, review granted.

First, section 1172.75 does not limit its application solely to those defendants whose enhancements were executed. Rather, the statute requires identification of "those persons in . . . custody currently serving a term for a judgment that includes an [invalid] enhancement . . . ." (*Id.*, subd. (b); see *People v. Christianson* (2023) 97 Cal.App.5th 300, 305 [case in which enhancements were imposed but stayed], review granted Feb. 21, 2024, S283189 (*Christianson*).) "[I]f the Legislature . . . intended to limit section 1172.75 only to those individuals [who] were currently serving an additional term based on the enhancement, it had the ability to do so." (*Christianson,* at p. 313.)

Second, a recent case convincingly concluded that section 1172.75 applies to enhancements which were *stricken* at sentencing, not just those that are imposed but stayed at sentencing. (*People v. Espino* (2024) 104 Cal.App.5th 188, 193, review granted Oct. 23, 2024, S286987.) We agree with the *Espino* majority that there is no sound reason to differentiate between section 667.5 enhancements which have been stayed (as in *Christianson*, *supra*, 97 Cal.App.5th 300) and those that have been stricken for purposes of sentencing. Regardless, the judgment still contains now-invalid enhancements for prior prison terms. (*Espino*, at pp. 197-198, 201.)

Finally, applying section 1172.75 to enhancements stricken for purposes of sentencing comports with the Legislature's express intent in "'*reducing* sentences'" and ameliorating "'"existing racial and socioeconomic disparities in our criminal justice system."'" (*People v. Saldana* (2023) 97 Cal.App.5th 1270, 1277, review granted Mar. 12, 2024, S283547.) When an

4

enhancement has been found true, it becomes part of the record considered at sentencing. Even if these enhancements are stricken, their existence may have affected the entire sentencing process to the detriment of the defendant.

## DISPOSITION

The postjudgment order denying defendant's petition for recall and resentencing is reversed and the matter is remanded to the trial court for resentencing pursuant to the terms of section 1172.75. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.